OCT 1 3 2010

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON, | |
| Plaintiff, | 3:10-cv-00197-RCJ-VPC |
| vs. | **ORDER** |
| JENNIFER NASH, *et al.*, | |
| Defendants. | |

This is a *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed September 28, 2010, the Court granted plaintiff's application to proceed *in forma pauperis,* dismissed the complaint, and granted plaintiff leave to file an amended complaint. (Docket #6).

On October 7, 2010, plaintiff filed a "Motion for Extension of Photocopy-Work (Legal Work)." (Docket #8). In his motion, plaintiff asserts that in "October of 2009," one year ago, "plaintiff was no longer allowed to receive legal photocopy-work because he exceeded his legal limit ($100.00) . . . ." (Docket #8, at p. 2, emphasis omitted). Plaintiff asks this Court for an order for the Nevada Department of Corrections to allow plaintiff to receive an "extension of legal photocopy work in the amount of $100.00" to litigate the instant action. (*Id.*). Plaintiff concludes his motion by

asserting that without his motion being granted, "it will be impossible for Plaintiff to properly respond to and prepair [sic] exhibits, documents, motions, etc." (*Id.*).

For purposes of complying with this Court's order of September 28, 2010, plaintiff does not need to make photocopies. As directed in the order, the Clerk of Court sent plaintiff two copies of the September 28, 2010 order, for use in submitting a "brass slip" to Inmate Services for issuance of a check to satisfy the initial partial filing fee of $37.17. (Order, Docket #6, at p. 3). Indeed, on October 7, 2010, plaintiff filed a document notifying this Court that he had submitted a "brass slip" for payment of the $37.17 initial partial filing fee, and plaintiff attached a copy of the "brass slip" (officially entitled "Inmate Account Transaction Request") indicating the same. (Docket #7, at pp. 1 and 6). As plaintiff has successfully submitted his Inmate Account Transaction Request to prison officials for payment of the initial partial filing fee, he does not require photocopies to fulfill this portion of the Court's order.

As for the portion of this Court's September 28, 2010 order requiring the filing of an amended complaint, plaintiff does not need photocopying to fulfill this requirement. As directed in the order, the Clerk of Court sent plaintiff a blank civil rights complaint form, along with instructions, for use in filing his amended complaint. (Docket #6, at p. 4). The order directs plaintiff to utilize the civil rights complaint form in filing his amended complaint, which is due 45 days from the date of entry of the order, making it due November 15, 2010. (*See* Docket #6, at pp. 3-4). There is nothing to indicate that plaintiff currently needs photocopying services to file his amended complaint. In the instant motion, plaintiff has not sought an extension of time to file an amended complaint. Rather, he seeks an "extension" of photocopy privileges. The motion is denied, without prejudice to renewing such request, if necessary, later in the course of this litigation.

**IT IS THEREFORE ORDERED** that plaintiff's "Motion for Extension of Photocopy-Work (Legal Work)" (Docket #8) is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that this Court's order, filed September 28, 2010, (Docket #6), **REMAINS IN EFFECT**, in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint **REMAINS DUE November 15, 2010.** Failure to comply with any order of this Court may result in dismissal of this action.

Dated this 12th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE