**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LAUSTEVION JOHNSON, )
 )
 )   3:10-cv-00197-RCJ-VPC
 Plaintiff, )
 v. )   **REPORT AND RECOMMENDATION**
 )   **OF U.S. MAGISTRATE JUDGE**
JENNIFER NASH, *et al.,* )
 )
 )   September 1, 2011
 Defendants. )
_____ )

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for preliminary injunction (# 37).¹  Defendants opposed (#40) and plaintiff replied (#48).  After a thorough review of the record, the court recommends that plaintiff's motion for preliminary injunction (#37) be denied.

## I.  HISTORY & PROCEDURAL BACKGROUND

Plaintiff Laustevion Johnson("plaintiff") is an inmate at High Desert State Prison ("HDSP") in the custody of the Nevada Department of Corrections ("NDOC") (#13).  Plaintiff, a *pro se* litigant, brings his complaint pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and the Americans with Disabilities Act ("ADA").  *Id.*  Plaintiff names thirteen defendants and includes ten counts in his amended complaint.  *Id.*

The court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and permitted the following claims to proceed:

(1) Count I: Eighth Amendment deliberate indifference claim against defendant Jones related to plaintiff's allegation that defendant Jones allowed other inmates to view plaintiff's presentence report ("PSR"), thus revealing plaintiff's sexual assault conviction and resulting in plaintiff being attacked;

_____

¹       Refers to the court's docket numbers.

(2) Count III: First Amendment retaliation in violation of the right to petition claims against defendant Jones, for his alleged retaliatory act of showing other inmates plaintiff's PSR because plaintiff filed previous grievances against him, and against defendant Clayton for his purported retaliatory act of filing a false notice of charges against plaintiff because plaintiff filed previous grievances against him;

(3) Count IV: Eighth Amendment deliberate indifference claims against defendants Scilla, Cox, and Nash for their denial of plaintiff's request to receive a medical examination of his back;

(4) Count VII: First Amendment Free Exercise Clause claims against defendant Thompson because he destroyed plaintiff's prayer rug by throwing four cartons of milk on it, and against defendant Nash because he shipped out plaintiff's copy of *Islam in Focus*, simply because it was an Islamic book; and

(5) Count VIII: RLUIPA claims against Thompson and Nash for the reasons articulated in number four, above.

*Id.* at 19.

Plaintiff filed the present motion for injunctive relief on April 22, 2011 (#37).  In his motion, plaintiff seeks injunctive relief in the form of an order directing defendants Cox and Nash to stop sending officers to his cell to harass him by conducting searches three times per week.  *Id.* at 1. Plaintiff claims officer Humble searched his cell on March 26, 2011, and destroyed his lamp.  *Id.* at 2. Plaintiff also complains that officer Marawski conducted a retaliatory search on April 17, 2011, confiscated his clock radio and gloves, and destroyed his headphones. *Id.*  Plaintiff further alleges that on April 18, 2011, officer Starling told him that defendant Nash said plaintiff is a terrorist because he is Muslim and that defendant Nash instructed officer Marawski to take plaintiff's clock radio because he believed plaintiff could turn it into a bomb.  *Id.*  Plaintiff characterizes these acts as "religious persecution and retaliation."  *Id.*

Defendants oppose plaintiff's motion, stating that plaintiff cannot show that he is likely to succeed on the merits of his retaliation claim because he cannot prove the searches of his cell were retaliatory (#40, p. 2).  Rather, HDSP Associate Warden Howell explains in his declaration, which is attached to defendants' opposition, that officers searched plaintiff's cell on March 26, 2011, because he covered the cell window and on April 17, 2011, as part of a random search of eight cells (#40-1, p. 3).  Associate Warden Howell also notes in his declaration that two cell searches in a three-week period is not unusual.  *Id.* at 4.  Further, he states that "there is nothing in [plaintiff's] files that indicates the he has been classified or labeled as a terrorist," nor did defendants Nash or

1    Cox authorize or order plaintiff's cell to be searched on these two dates. *Id.* at 2,4.

2           Defendants also argue that plaintiff's motion must fail because he cannot show a likelihood

3    of ongoing searches resulting in irreparable harm. *Id.* at 4.   Additionally, defendants believe the

4    balance of equities does not tip in favor of plaintiff, nor does the public have an interest in the court

5    granting the injunction. *Id.* at 5-6.  Finally, defendants assert that plaintiff seeks to enjoin the actions

6    of non-party correctional officers regarding claims - privacy rights and cell searches - that are not

7    part of the underlying lawsuit. *Id.* at 6.  "Plaintiff is attempting to expand the basis of this action to

8    include allegations that improper cell searches occurred, yet he has never grieved such matters or

9    properly included them in his underlying complaint." *Id.* at 6-7.

10          In his reply, plaintiff claims officers engaged in retaliatory searches of his cell five times in

11   thirty days, but that he only filed three grievances related to property damage (#48, p. 1).  Plaintiff

12   again states that these searches and destruction of his property were out of retaliation for plaintiff's

13   religion, for his lawsuits against HDSP officials, and for his grievance filings against prison officials.

14   *Id.* at 2, 7.  Plaintiff seems to suggest that proof of this retaliatory motive is that officers Humble,

15   Marawski, and Starling "continuously expressed their discontent and hatred for Plaintiff for Plaintiff

16   filing this lawsuit and multiple grievances." *Id.* at 2-3.  Plaintiff also contends that Associate

17   Warden Howell lied when he said that officer Humble searched plaintiff's cell because the cell

18   window was covered. *Id.* at 4,8.  Plaintiff claims that his confiscated gloves were not returned. *Id.*

19   at 9.

20          The court notes that the plaintiff is proceeding *pro se*.  "In civil cases where the plaintiff

21   appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit

22   of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see*

23   *also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

24                              **II. DISCUSSION & ANALYSIS**

25   **A.        Discussion**

26          **1.       Preliminary Injunction Legal Standard**

27          A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as

28   of right. *Munaf v. Geren*, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted).  Instead,

1    in every case, the court "must balance the competing claims of injury and must consider the effect

2    on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources*

3    *Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation and quotation omitted).   The instant motion

4    requires the court to determine whether plaintiff has established the following: (1) he is likely to

5    succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief;

6    (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555

7    U.S. at 20 (citations omitted).

8         Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for

9    issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one

10   factor with the strength of another.  *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d. 1045, 1049-

11   50 (9th Cir. 2010); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005).  In *Winter*,

12   the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale

13   approach to preliminary injunctions.  *See Winter*, 555 U.S. at 51(Ginsburg, J., dissenting) ("[C]ourts

14   have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on

15   a lower likelihood of harm when the likelihood of success is very high . . . This Court has never

16   rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d. at

17   1131.  In light of the *Winter* decision, however, the Ninth Circuit determined that the Circuit's

18   sliding-scale approach, or "serious questions" test "survives . . . when applied as part of the four-

19   element *Winter* test."  *Alliance*, 632F.3d. at 1131-32.  "In other words, 'serious questions going to

20   the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an

21   injunction, assuming the other two elements of the *Winter* test are also met." *Id*.  The portion of the

22   sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of

23   irreparable injury to the plaintiff, was expressly overruled by *Winter.  Stormans, Inc.  v.  Selecky*, 586

24   F.3d 1109, 1127 (9th Cir.  2009).

25         An even more stringent standard is applied where mandatory, as opposed to prohibitory

26   preliminary relief is sought.  The Ninth Circuit has noted that although the same general principles

27   inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well

28   beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing

4

a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id*.

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, Section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore*, 220 F.3d at 999.

**B.     Analysis**

Plaintiff seeks an injunction against persons not named as parties in this lawsuit. Specifically, plaintiff asks this court to enjoin officers Humble, Marawski, Starling, and presumably other HDSP officers from engaging in retaliatory cell searches. Courts may not rule on the rights of persons not currently before them. *Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). As officers Humble, Marawski, and Starling are not parties to the lawsuit plaintiff filed, the court may not fashion injunctive relief that affects the rights of these individuals.

Plaintiff seeks to enjoin conduct that is not related to the underlying lawsuit. Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint.

5

1    Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held

2    that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in

3    the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470,

4    471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*,

5    605 F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based

6    on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans*

7    *World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

8         While plaintiff's lawsuit includes two retaliation claims against defendants Jones and

9    Clayton, these claims are unrelated to plaintiff's current complaints related to his property and

10   privacy rights.  Rather, in his complaint plaintiff accuses defendant Jones of retaliating against him

11   by showing his PSR report to another inmate because plaintiff previously filed a grievance against

12   him.  Plaintiff alleges that defendant Clayton retaliated against him by filing a false notice of charges

13   because plaintiff filed previous grievances against him.  Similarly, the underlying action includes

14   religious rights claims; however, they are also unrelated to plaintiff's current assertion that his cell

15   was searched and his property destroyed in retaliation for his religion.  Instead, plaintiff's underlying

16   action includes religious rights claims that pertain to the destruction of his prayer rug and the mailing

17   out of a religious text.

18         The court understands that plaintiff may believe that the cell searches are in retaliation for

19   his filing this lawsuit, but the court is not convinced that is the case.  Plaintiff has not alleged any

20   facts to suggest that officers Humble, Maraowski, and Starling are even aware that plaintiff filed this

21   lawsuit, other than plaintiff's belief that they "continuously express[] their discontent and hatred for

22   Plaintiff for Plaintiff filing this lawsuit and multiple grievances."  Further, Associate Warden Howell

23   stated in his declaration that defendants Nash and Cox did not order the searches about which

24   plaintiff complains; therefore, it seems unlikely that defendants Nash and Cox alerted the officers

25   to the lawsuit, nor did they direct them to harass plaintiff.  The court again warns plaintiff that he is

26   not permitted to file a complaint in federal court and then use that action as a forum for adjudicating

27   all of his grievances about incarceration.  New, unrelated complaints are properly lodged using the

28   prison grievance system and, if they remain unresolved, by filing a new action.  In other words, if

plaintiff believes his constitutional rights were violated when officers confiscated his radio and gloves, or searched his cell, he should file appropriate grievances regarding those privacy and property issues and a related legal complaint if he is unable to resolve the dispute through the grievance process.

Due to these procedural deficiencies, the court will not undertake a full analysis of plaintiff's request for injunctive relief. However, it seems clear that plaintiff cannot satisfy the requirements for injunctive relief. Plaintiff has not submitted any evidence, other than his own beliefs, to substantiate his allegations that officers Humble, Marawski, and Starling retaliated against him for filing this lawsuit. Further, plaintiff failed to allege any facts to show that he will face ongoing retaliation or irreparable harm if the court does not intervene. The court also does not believe that plaintiff's motion, based on his unsubstantiated beliefs about these officers' motivations, warrants interference with NDOC's internal processes. Therefore, the balance of equities does not favor issuance of an injunction. Finally, the court agrees with defendants that the public's interest is not served by requiring defendants to document and later explain to the court its motivation for each search of plaintiff's cell.

Therefore, the court recommends that plaintiff's motion for injunctive relief (#37) be denied because it seeks to enjoin the actions of individuals who are not parties to this lawsuit and it is not based upon claims in the underlying suit. Furthermore, plaintiff did not demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for preliminary injunction (#37) be **DENIED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the

District Court.

      2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV.  RECOMMENDATION

      **IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary injunction (#37) be **DENIED**.

      **DATED:** September 1, 2011.

_____

**UNITED STATES MAGISTRATE JUDGE**